**WILK AUSLANDER LLP**
RANDY S. ZELIN (*Pro Hac Vice*)
E-Mail: rzelin@wilkauslander.com
MICHAEL T. CONTOS (*Pro Hac Vice*)
E-Mail: mcontos@wilkauslander.com
825 Eighth Avenue, Suite 2900
New York, New York 10019
Telephone : 212.981.2300
Facsimile : 212.7 52.6380

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOHN L. BARBER, SB# 160317
E-Mail: john.barber@lewisbrisbois.com
GARY K. BRUCKER, JR., SB# 238644
E-Mail: gary.brucker@lewisbrisbois.com
650 Town Center Drive, Suite 1400
Costa Mesa, CA 92626
Telephone: 213.680.5107
Facsimile: 213.250.7900

Attorneys for Plaintiffs Jeffrey Supinsky
and Valley East Building Management

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| JEFFREY SUPINSKY, an Individual, and VALLEY EAST BUILDING MANAGEMENT, a New York Limited Liability Company,<br><br>        Plaintiffs,<br><br>        vs.<br><br>KEVIN RICHARD KELLY, an Individual; and DOES 1 through 10, inclusive,<br><br>        Defendant. | Case No. 8:21-cv-01388 CJC (KESx)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION/ MOTION TO TRANSFER**<br><br>Judge:  Hon. Cormac J. Carney<br>Date:    November 1, 2021<br>Time:   1:30 p.m.<br>Crtrm.: 9B<br><br>Trial Date:     None Set |

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ......................................................................... 1

II.   STATEMENT OF FACTS ............................................................. 2

    A.    The Complaint ................................................................... 2

    B.    The Motion To Dismiss ..................................................... 2

    C.    Plaintiff's Application For Jurisdictional Discovery ............ 2

III.  DEFENDANT'S MOTION TO DISMISS IS MERITLESS ............. 3

    A.    General Jurisdiction Exists ................................................. 4

        1.    Defendant Was Domiciled In California ..................... 4

        2.    Defendant Was Physically Present In California ......... 5

    B.    Specific Jurisdiction Also Exists ........................................ 8

        1.    The Purposeful Availment Test Is Easily Met ............ 9

        2.    The Purposeful Direction Test Is Irrelevant ............. 10

        3.    Plaintiffs' Claims Arise Out Of Defendant's Acts In California ................................................................. 10

        4.    The Exercise Of Jurisdiction Would Not Be Unreasonable ....... 11

IV.   THE COURT SHOULD DECLINE TO TRANSFER VENUE .................... 14

    A.    This Case Could *Not* Have Been Filed In Arizona .............. 14

    B.    Fairness Factors Do Not Weigh In Favor Of A Transfer .................... 14

V.    PLAINTIFFS ARE ENTITLED TO JURISDICTIONAL DISCOVERY *IF NECESSARY* ........................................................ 17

VI.   CONCLUSION ............................................................................. 19

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

**Federal Cases**

*AT&T v. Compagnie Bruxelles Lambert,*
  94 F.3d 586 (9th Cir. 1996) ................................................................3, 5, 7, 9

*Ballard v. Savage,*
  65 F.3d 1495 (9th Cir. 1995) .......................................................................... 3

*Boschetto v. Hansing,*
  539 F.3d 1011 (9th Cir. 2008) ........................................................................ 3

*Daimler AG v. Bauman,*
  571 U.S. 117 (2014) .....................................................................................3, 8

*Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.,*
  907 F.2d 911 (9th Cir. 1990) .......................................................................... 4

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.,*
  141 S. Ct. 1017 (2021).................................................................................... 4

*Hendricks v. New Video Channel Am., LLC,*
  No. 2:14-CV-02989-RSWL-S, 2015 WL 3616983 (C.D. Cal. June
  8, 2015) ........................................................................................................... 7

*Holt Oil & Gas Corp. v. Harvey,*
  801 F.2d 773 (5th Cir. 1986) ......................................................................6, 7

*Int'l Shoe Co. v. Washington,*
  326 U.S. 310 (1945) ........................................................................................ 8

*Laub v. U.S. Dep't of the Interior,*
  342 F.3d 1080 (9th Cir. 2003) ...................................................................... 17

*Lew v. Moss,*
  797 F.2d 747 (9th Cir. 1986) ......................................................................4, 5

*LRJ, Inc. v. Edwards,*
  1996 U.S. Dist. LEXIS 10441 (N.D. Ill. 1996) ............................................. 6

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Mavrix Photo, Inc. v. Brand Techs., Inc.*
    647 F.3d 1218 (9th Cir. 2011) .......................................................................... 3

*Mitan v. Feeney,*
    497 F. Supp. 2d 1113 (C.D. Cal. 2007) .......................................................... 17

*OOO Brunswick Rail Management v. Sultanov,*
    No. 5:17-CV-00017-EJD, 2017 WL 2438562 (N.D. Cal. June 6,
    2017) ................................................................................................................. 7

*Owens v. Huntling,*
    115 F.2d 160 (9th Cir. 1940) ............................................................................ 4

*Ranza v. Nike,*
    793 F.3d 1059 (9th Cir. 2015) .......................................................................... 3

*Schwarzenegger v. Fred Martin Motor Co.,*
    374 F.3d 797 (9th Cir. 2004) ....................................................... 3, 8, 9, 10, 11

*Sciara v. Campbell,*
    No. 2:18-CV-01700-DJA, 2019 WL 8128162 (D. Nev. Sept. 27,
    2019) ................................................................................................................. 7

*Sher v. Johnson,*
    911 F.2d 1357 (9th Cir. 1990) .......................................................................... 8

*Sinatra v. Nat'l Enquirer, Inc.,*
    854 F.2d 1191 (9th Cir. 1988) ........................................................................ 11

*Span Constr. & Eng'g, Inc. v. Stephens,*
    No. CIV-F-06-0286 AWI DLB, 2006 U.S. Dist. LEXIS 48896 (E.D.
    Cal. July 5, 2006) ................................................................................... 5, 6, 7, 8

*Unlimited Prepaid v. Airvoice Wireless Ex., LLC,*
    2017 U.S. Dist. LEXIS 222334 (C.D. Cal. May 10, 2017) ............................ 13

**State Cases**

*Lundgren v. Super. Ct.,*
    111 Cal. App. 3d 477 (1980) .......................................................................... 11

**Statutes**

28 U.S.C. § 1404(a) ............................................................................................ 14

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Cal. Bus. & Prof. Code § 17525 ........................................................ 1, 10

Cal. Bus. & Prof. Code § 17528 ............................................................ 12

Cal. Civ. Proc. Code § 410.10 .......................................................... 3, 12

**Court Rules**

Fed. R. Civ. P. 4(k)(1)(A) .................................................................... 3

Fed. R. Civ. P. 45 .............................................................................. 18, 20

**Treatises**

Phillips & Stevenson, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL
    § 3:161 (The Rutter Group 2019) ...................................................... 11

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

I.    **INTRODUCTION**

Defendant registered three websites using plaintiffs' names in bad faith. Registration records reveal that defendant did so using two addresses in Orange County.  The first is a real property address for a home in Coto de Caza belonging to defendant's in-laws.  The second is a Cox Communications I.P. address linked to defendant's rental property in Aliso Viejo.  Because defendant resided in California when he violated California's Cyber Privacy Law (i.e., Bus. & Prof. Code § 17525), plaintiffs sued him in California rather than in their own backyard (i.e., New York), which would have been a far more convenient jurisdiction.

Defendant now challenges personal jurisdiction on the flimsiest of grounds. With regards to general jurisdiction, defendant claims he was an Arizona resident even though he *admitted* in the motion to:  (1) purchasing the websites using his in-law's address; (2) conducting business via that same address; and (3) spending 40% of his time living in California.  With regards to specific jurisdiction, defendant did *not* declare that he was, in fact, physically present in Arizona when he registered the offending websites.  He instead claims a lack of memory.  Plaintiffs respectfully submit that, in light of the facts *admitted* by defendant, plaintiffs have made at least a *prima facie* showing of personal jurisdiction, and the motion should be denied.

Defendant also moves, in the alternative, to transfer venue to the District of Arizona.  This request makes no sense.  First, defendant now lives in Colorado and, thus, Arizona is no more convenient for him than California.  Second, defendant has identified precisely zero witnesses or relevant evidence located in Arizona.  Rather, the only reason defendant wants to transfer venue is because he is already facing a defamation lawsuit in Arizona.  Finally, although California is admittedly no more or less convenient than Arizona for plaintiffs, who again hail from New York, they have already retained California counsel and sued for violating California law.  A California court is best suited to hear this matter and the Court should decline defendant's effort to outsource this dispute to Arizona.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4823-0027-2636.3                                    1                        Case No. 8:21-cv-01388 CJC (KESx)
OPPOSITION TO MOTION TO DISMISS FOR LACK OF JURISDICTION/ MOTION TO TRANSFER

## II.    STATEMENT OF FACTS

### A.    The Complaint

Plaintiffs filed the complaint against defendant in Orange County Superior Court on July 16, 2021.  (Docket No. 1, Attach. 1.)  The Complaint alleges, *inter alia*, that defendant violated California's Cyber Privacy Law by registering three websites named after plaintiffs with bad faith intent:  i.e., www.jeffsupinsky.com, www.jeffreysupinsky.com, and www.valleyeastproperties.com.  (*Id*. ¶ 3-4.)  The Complaint further alleges that the purpose of these websites was to malign, impugn, and cause harm to the plaintiffs in retaliation for:  (1) plaintiffs' successful dismissal of a frivolous lawsuit filed by defendant in Delaware; and (2) plaintiffs' fraud and malfeasance lawsuit against defendant, which is currently pending in Delaware.  (*Id*. ¶ 3.)  This is now the third lawsuit between the parties.

### B.    The Motion To Dismiss

Defendant filed his motion to dismiss on September 20, 2021.  (Docket No. 18.)  The gist of defendant's motion is that he was an Arizona resident at the time he purchased the offending websites.  (*See generally id.*)  Yet, the facts admitted by defendant in support of the motion reveal several key ties to the State of California. (*Id*.)  First, attached to the declaration of defense counsel is an internet domain registration record showing that defendant used a Coto de Caza address in Orange County to register the websites.  (Docket No. 18-2 at p. 22.)  Second, the declaration of defendant admits that this address belongs to his in-laws.  (Kelly Dec. ¶ 8, Docket No. 18-3.)  Finally, defendant admits that he spent 40% of his time at a rental home in California, used his in-law's address for business purposes, and linked his in-law's address to the credit card he used to pay for the websites.  (*Id*. ¶¶ 5, 8, 9.)

### C.    Plaintiff's Application For Jurisdictional Discovery

Plaintiff filed an *ex parte* application for permission to conduct limited jurisdictional discovery on September 24, 2021.  (Docket No. 23.)  The Court denied the *ex parte* but preserved the issue for this motion.  (Docket No. 25.)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4823-0027-2636.3                                          2                              Case No. 8:21-cv-01388 CJC (KESx)
OPPOSITION TO MOTION TO DISMISS FOR LACK OF JURISDICTION/ MOTION TO TRANSFER

1    **III.    <u>DEFENDANT'S MOTION TO DISMISS IS MERITLESS</u>**

2         To defeat the instant motion plaintiffs "need only make a prima facie showing

3    of jurisdictional facts." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008)

4    (internal citation omitted)).  The Court must accept facts alleged in the Complaint as

5    true to the extent that they are uncontroverted by defendant's declarations, and

6    where the parties' declarations conflict, the Court must construe all reasonable

7    inferences in plaintiff's favor.  *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d

8    586, 588 (9th Cir. 1996).  In other words, "the plaintiff need only demonstrate facts,

9    that if true, would support jurisdiction over the defendant."  *Ballard v. Savage*, 65

10   F.3d 1495, 1498 (9th Cir. 1995).

11        When no federal statute governs personal jurisdiction, a district court applies

12   the long-arm statute of the state in which it sits.  *Schwarzenegger v. Fred Martin*

13   *Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004), citing Fed. R. Civ. P. 4(k)(1)(A).

14   California's long-arm statute permits a court to exercise personal jurisdiction

15   consistent with constitutional due process.  Cal. Civ. Proc. Code § 410.10.  In fact,

16   the jurisdictional analysis under both California state law and federal due process

17   are the same, as Section 410.10 is coextensive with federal due process.  *Mavrix*

18   *Photo, Inc. v. Brand Techs., Inc*. 647 F.3d 1218, 1223 (9th Cir. 2011).

19        General jurisdiction applies where a defendant's "affiliations with the State

20   are so 'continuous and systematic' as to render it essentially at home in the forum

21   state." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (internal citations and

22   quotation marks omitted).  In contrast, specific jurisdiction exists when the

23   defendant's contacts with the forum state are more limited, but the plaintiff's claims

24   arise out of or relate to those contacts.  *Id*. at 754.  General jurisdiction is referred to

25   as "all-purpose" jurisdiction, whereas specific jurisdiction is referred to as "case-

26   specific" or "case-linked" jurisdiction.  *Ranza v. Nike*, 793 F.3d 1059, 1069 (9th Cir.

27   2015) (citations omitted).  For the reasons expressed below, there is both general

28   and specific jurisdiction over defendant.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

A.    **General Jurisdiction Exists**

1.    Defendant Was Domiciled In California

"[A]n individual is subject to general jurisdiction in her place of domicile." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) "[A] person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely.'" *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986) (*quoting Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940)).  This determination "involves a number of factors (no single factor controlling), including:  current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Id*. at 750.

The relevant time period for this determination is the period of time leading up to the date that the claims arose.  *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co*., 907 F.2d 911, 913 (9th Cir. 1990).  In this case the claims arose on December 20, 2020 when defendant registered the offending websites in bad faith. (Compl. ¶ 17.)  On this date, the Complaint specifically alleges that defendant resided in the State of California.  (*Id*. ¶ 11.)  And, based solely on the assertions of fact contained in defendant's motion to dismiss, it is clear that defendant lived in California for a substantial period of time leading up to December 20, 2020:

- Defendant rented a home in California (Kelly Dec. ¶ 5);

- Defendant spent at least 40% of his time in California from July 2019 to March 2021 (*id*. ¶¶ 2, 6);

- Defendant's in-laws lived in Orange County, California (*id*. ¶ 8);

- Defendant conducted business at his in-law's California address (*id*.);

- Defendant linked his credit card to his in-law's address (*id*. ¶ 9); and

- Defendant receives business mail at his in-law's address (*id* ¶ 8).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    In light of these admitted facts, was California defendant's domicile?  The test

2  is whether there is an *intent* by defendant to remain indefinitely.  *Lew*, 797 F.2d at

3  749-50.  This test is inconclusive when only defendant's self-serving declaration is

4  considered because it claims he "primarily" resided in Arizona from July 2019 to

5  March 2021.  (Kelly Dec. ¶ 2.)  However, publicly available information sourced

6  from LexisNexis shows that Arizona *ceased* being defendant's residence in July

7  2019.  (Ex. 1 to Brucker Dec.)  The same report shows that defendant thereafter had

8  two residences in California:  the first with his in-laws at the Coto De Caza address

9  from July 2019 until March 2021; and the second (presumably his rental home) in

10 Aliso Viejo from August 2019 to March 2021.  (*Id*.)

11   Of course, as the LexisNexis Accurint Report readily admits, "The Public

12 Records and commercially available data sources used on reports have errors.  Data

13 is sometimes entered poorly, processed incorrectly and is generally not free from

14 defect.  This system should not be relied upon as definitively accurate.  Before

15 relying on any data this system supplies, it should be independently verified."  (*Id*.)

16 There is obviously no better way to independently verify the contents of this report

17 than limited jurisdictional discovery, which plaintiffs previously requested (Docket

18 No. 23) and now request again to the extent the Court declines to deny the motion

19 on the current record.  That being said, the Court should deny the motion because,

20 construing all reasonable inferences in favor of plaintiffs as it must (*AT&T*, 94 F.3d

21 at 588), there is at least a *prima facie* showing of domicile in California.

22          2.    Defendant Was Physically Present In California

23   Even if the foregoing is not sufficient to establish a *prima facie* showing that

24 California was defendant's domicile, domicile is not the only way to establish that

25 general jurisdiction exists.  So long as the defendant's contacts are the sort that

26 "approximate physical presence," general jurisdiction is proper.  *Span Constr. &*

27 *Eng'g, Inc. v. Stephens*, No. CIV-F-06-0286 AWI DLB, 2006 U.S. Dist. LEXIS

28 48896, *16 (E.D. Cal. July 5, 2006).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4823-0027-2636.3                          5                   Case No. 8:21-cv-01388 CJC (KESx)
OPPOSITION TO MOTION TO DISMISS FOR LACK OF JURISDICTION/ MOTION TO TRANSFER

Though the district court in *Span* ultimately declined to exercise general jurisdiction on the facts presented, the *Span* court analyzed the fact pattern in *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 779 (5th Cir. 1986), and concluded that "these constant and extensive personal and business connections with a state are the equivalent of approximate physical presence." The contacts in *Holt* were described as follows: "(1) Harvey attended college and was formerly employed in Texas; (2) Harvey owns real estate in Texas, specifically a condominium in Houston; (3) Harvey has travelled to Texas on numerous occasions to visit his children; (4) Harvey frequently visits Texas for recreation; and (5) Harvey has transacted a great deal of business in Texas." *Id*. To be clear, none of these facts, alone, were sufficient to establish continuous and systematic contacts, but the *Holt* court found that, taken together, the "contacts differ both qualitatively and quantitatively from the sort of 'random,' 'fortuitous,' or 'attenuated' contacts which will not support an exercise of in personam jurisdiction." *Id*.

Here, the contacts between defendant and California are far more continuous and systematic (or far less "random," "fortuitous," or "attenuated") than those in *Holt*. Indeed, the defendant in this case was not just a frequent visitor to California that once went to college in the state; defendant lived and worked in California—near his in-laws—*at least 40% of the time from July 2019 to March 2021*. *Cf. LRJ, Inc. v. Edwards*, 1996 U.S. Dist. LEXIS 10441, *11 (N.D. Ill. 1996) (concluding that plaintiff established by a preponderance of the evidence that defendant was domiciled in California despite defendant's estimate that from 1988 to 1995 he only spent 30 to 40 percent of his time in California). More importantly, general jurisdiction is not viewed in a vacuum. In *Holt*, the court emphasized the fact that the lawsuit "arises out of one of Harvey's business contacts with Texas." 801 F.2d at 779. Likewise, here, the lawsuit arises out of defendant's registration of the offending websites using a California real property address linked to defendants' in-laws and a California I.P. address linked to defendant's home in Aliso Viejo.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4823-0027-2636.3                6                Case No. 8:21-cv-01388 CJC (KESx)

OPPOSITION TO MOTION TO DISMISS FOR LACK OF JURISDICTION/ MOTION TO TRANSFER

1    In an effort to downplay the reality of defendant's excessive ties to California,

2  Defendant's motion cites to three cases where the contacts with the forum state were

3  far less than the contacts found in either this case or in *Holt*.  Defendant first cites to

4  *Hendricks v. New Video Channel Am., LLC*, No. 2:14-CV-02989-RSWL-S, 2015

5  WL 3616983 (C.D. Cal. June 8, 2015), for the proposition that it is *rare* to assert

6  general jurisdiction over a non-domicile.  Yet, the language quoted by defendant

7  regarding "frequent visits" and "owning new property in a forum" actually comes

8  from *Span,* discussed *infra*, which itself relies upon *Holt*.  Here, we are not just

9  dealing with a frequent visitor or a person that happens to own property in

10  California, we are dealing with a defendant that admittedly lived and worked in

11  California near his in-laws' 40% of the time from July 2019 to March 2021.

12    Defendant next cites to *Sciara v. Campbell*, No. 2:18-CV-01700-DJA, 2019

13  WL 8128162, at *3 (D. Nev. Sept. 27, 2019), as an example of a court declining to

14  find general jurisdiction over a defendant that "divided his time between Nevada

15  and Arizona."  But defendant takes *Sciara* out of context.  In *Sciara*, the *complaint*

16  alleged a division of time between Nevada and Arizona, but that *allegation* was

17  controverted by defendant's uncontroverted *declaration* that he had only traveled to

18  Nevada 4-5 times over the past four years and the court "decline[d] to speculate as

19  to additional visits."  *Id*. * 6-7, 10.  Under the authority discussed above (i.e., *AT&T*,

20  94 F.3d at 588), the Court must accept facts alleged in the Complaint as true *to the*

21  *extent* that they are *uncontroverted* by defendant's declarations, and where the

22  parties' declarations conflict, the Court must construe all reasonable inferences in

23  favor of plaintiff.  The *Sciara* court simply followed the law based on the facts.

24    Defendant's final citation, *OOO Brunswick Rail Management v. Sultanov,*

25  No. 5:17-CV-00017-EJD, 2017 WL 2438562 (N.D. Cal. June 6, 2017), is similarly

26  unavailing.  While Sultanov's use of a family friend's mailing address in California

27  sounds vaguely similar to defendant's use of his in-law's California address for his

28  credit card and for registering the offending websites, the key distinction is their

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4823-0027-2636.3                                    7                        Case No. 8:21-cv-01388 CJC (KESx)
OPPOSITION TO MOTION TO DISMISS FOR LACK OF JURISDICTION/ MOTION TO TRANSFER

1   respective *physical presence* in California.  Here, defendant admittedly lived in a

2   home in California near his in-laws 40% of the time.  In contrast, Sultanov was

3   domiciled in Russia, visited California a total of 20 days in ten years, and had not

4   visited California in four years.  There is just no comparing the two situations.

5                              *      *      *

6        In short, the Complaint alleges that defendant lived in California and

7   registered the offending websites from California.  Rather than controvert these

8   facts, which should be accepted as true, the defendant's declaration makes it very

9   clear that if he was not a California domicile, his extensive contacts with California

10  are the sort that "approximate physical presence."  *Span*, 2006 U.S. Dist. LEXIS

11  48896 at 16.  The exercise of general jurisdiction over defendant is thus consistent

12  with ". . . traditional notions of fair play and substantial justice." *Int'l Shoe Co. v.*

13  *Washington*, 326 U.S. 310, 316 (1945).  Defendant's motion should be denied.

14        **B.    <u>Specific Jurisdiction Also Exists</u>**

15        A defendant is subject to specific jurisdiction if he "has sufficient contacts

16  with the forum state in relation to the cause of action." *Sher v. Johnson*, 911 F.2d

17  1357, 1361 (9th Cir. 1990) (citations omitted).  This test usually is applied where the

18  defendant's contacts with the forum state is more limited, but the plaintiff's claims

19  arise out of those contacts or activities. *Daimler AG,* 571 US at 133.  The Ninth

20  Circuit applies a three-prong test:  (1) The defendant "perform some act by which he

21  purposefully avails himself of the privilege of conducting activities in the forum,

22  thereby invoking the benefits and protections of its laws"; (2) the claim must be one

23  which arises out of or relates to the defendant's forum-related activities; and (3) "the

24  exercise of jurisdiction must comport with fair play and substantial justice, i.e., it

25  must be reasonable." *Schwarzenegger*, 374 F.3d at 800.  Once the plaintiff carries

26  the initial burden of satisfying the first two prongs of the test, the burden shifts and

27  the defendant must then ". . . 'present a compelling case' that the exercise of

28  jurisdiction would not be reasonable." *Id.*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4823-0027-2636.3                          8                    Case No. 8:21-cv-01388 CJC (KESx)
OPPOSITION TO MOTION TO DISMISS FOR LACK OF JURISDICTION/ MOTION TO TRANSFER

1          1.    The Purposeful Availment Test Is Easily Met

2          "A showing that a defendant purposefully availed himself of the privilege of

3  doing business in a forum state typically consists of evidence of the defendant's

4  actions in the forum, such as executing or performing a contract there." *Id.* at 802.

5  Plaintiffs alleged that defendant registered the offending internet domains "within

6  Orange County," as the registration records confirm.  (Compl. ¶¶ 11,15; Docket No.

7  18-2 at p. 22.)  Plaintiffs further alleged that defendant did so with the intent on

8  "destroying the business interests and reputation of" plaintiffs.  (*Id.* ¶ 2.)  And why

9  did defendant have such an intent?  Plaintiffs allege that it was a "desire to seek

10  revenge" because of they sued defendant for "rampant corporate theft" and "serious

11  acts of fraud and malfeasance."  (*Id.* ¶ 3.)  These allegations are to be accepted as

12  true unless controverted by defendant's declaration.  (*AT&T*, 94 F.3d at 588.)

13          Defendant failed to do so, instead claiming that he could not recall where he

14  was when he purchased the websites on December 20, 2020.  (Kelly Dec. ¶ 10.)

15  Nor did he offer *any* other evidence to show his whereabouts.  (*Id.*)  For example,

16  defendant could have provided credit card records showing where he purchased gas

17  and groceries.  He could have submitted declarations from his wife and in-laws on

18  his whereabouts five days before Christmas.  Defendant did nothing and the obvious

19  inference to be drawn is that such evidence would have undermined his motion.

20          In contrast, the best evidence that defendant was physically present in

21  California when he registered the offending websites is the fact that the IP address

22  used to purchase the websites (i.e., 68.225.237.128) is tied to Rancho Santa

23  Margarita per the domain registration record attached to defendant's motion to

24  dismiss.  (Docket No. 18-2 at p. 22.)  Per the website whatismyipaddress.com, the

25  I.P. address used to buy the offending websites is linked to Cox Communications

26  and the City of Aliso Viejo.  (Brucker Dec. ¶ 3.)  As the Court may recall from the

27  LexisNexis Accurint Report discussed above, defendant resided in Aliso Viejo from

28  August 2019 to March 2021.  (Ex. 1 to *id.*)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Based on the foregoing uncontroverted allegations and facts, the purposeful availment test has been easily satisfied. *Schwarzenegger*, 374 F.3d at 802. This is especially true when also considering the facts admitted by defendant in his declaration, including that: (1) he used his in-law's address to register the domains; (2) used his in-law's address for business purposes; and (3) he did so while residing in California at least 40% of the time. (Kelly Dec. ¶¶ 5, 8, 9.)

Notably, defendant does not challenge any of this logic. Rather, defendant argues that the contents of the offending website were not added until April and May of 2021, when defendant was living in Colorado. (Mot. at 7:5-8.) But this is *not* a defamation case. This case is about California's Cyber Privacy Law, which states: "[i]t is unlawful for a person, with a bad faith intent to register, traffic in, or use a domain name, that is identical or confusingly similar to the personal name of another living person or deceased personality, without regard to the goods or services of the parties." Bus. & Prof. Code § 17525(a). The Complaint alleges that: (1) defendant; (2) with bad faith; (3) registered domain names; and (4) that are identical to the names of plaintiffs. (Compl. ¶¶ 3, 11, 15, 42.) Each of the acts needed to violate this law took place on December 20, 2020, when defendant was physically present in California. (*Id*. ¶ 17.) Where defendant later lived when he added content to the websites is simply irrelevant.

### 2. The Purposeful Direction Test Is Irrelevant

Plaintiffs do not contend that defendant intentionally directed activities toward the state of California from somewhere else. Thus, defendant's analysis of the *Calder* "effects" test is irrelevant and requires no further response.

### 3. Plaintiffs' Claims Arise Out Of Defendant's Acts In California

To establish specific jurisdiction, the claim must be one which arises out of or relates to the defendant's forum-related activities. *Schwarzenegger*, 374 F.3d at 800. Defendant attempts to defeat this test by hypothesizing that: "it is possible that Defendant was physically in either" California or Arizona, or elsewhere when he

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4823-0027-2636.3    10    Case No. 8:21-cv-01388 CJC (KESx)
OPPOSITION TO MOTION TO DISMISS FOR LACK OF JURISDICTION/ MOTION TO TRANSFER

1  registered the offending websites.  (Mot. at 8:27-9:2.)  Taken to its logical and

2  extreme conclusion, the Whac-A-Mole theory of jurisdiction advanced by defendant

3  would defeat specific jurisdiction everywhere whenever defendant feigned

4  ignorance of his whereabouts and, thus, could have been anywhere.

5       But defendant was not anywhere.  He was certainly somewhere and, as

6  discussed above, the allegations in the complaint, the evidence presented by both

7  sides, and the corresponding inferences to be drawn in plaintiffs' favor establish that

8  defendant was physically present in Orange County when he violated California's

9  Cyber Privacy Law.  And, to be clear, that physical presence alone gives rise to

10  specific jurisdiction in this case.  *See, e.g.,* Phillips & Stevenson, CAL. PRAC. GUIDE:

11  FED. CIV. PRO. BEFORE TRIAL § 3:161 (The Rutter Group 2019) ("If the nonresident

12  committed the liability-producing acts while physically present in the forum state,

13  this is almost always held a sufficient 'contact' to support personal jurisdiction in

14  lawsuits arising from those acts.") *citing Lundgren v. Super. Ct.*, 111 Cal. App. 3d

15  477, 484 (1980); *see also Schwarzenegger*, 374 F.3d at 801 (". . . the jurisdictional

16  analyses under state law and federal due process are the same.").

17                    4.    The Exercise Of Jurisdiction Would Not Be Unreasonable

18       In the Ninth Circuit, courts are to consider and weigh seven factors in

19  determining whether the exercise of jurisdiction would be unreasonable:  "the extent

20  of purposeful interjection; the burden on the defendant; the extent of conflict with

21  sovereignty of the defendant's state; the forum state's interest in adjudicating the

22  suit; the most efficient judicial resolution of the dispute; the convenience and

23  effectiveness of relief for the plaintiff; and the existence of an alternative forum."

24  *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1198–99 (9th Cir. 1988).  It is the

25  defendant's burden to  ". . . 'present a compelling case' that the exercise of

26  jurisdiction would not be reasonable."  *Schwarzenegger*, 374 F.3d at 800.

27       The Extent Of Purposeful Interjection – Defendant has not made a compelling

28  case on this factor, claiming only that he "has never had a primary residence in

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4823-0027-2636.3                     11                Case No. 8:21-cv-01388 CJC (KESx)
OPPOSITION TO MOTION TO DISMISS FOR LACK OF JURISDICTION/ MOTION TO TRANSFER

1   California, and now lives in Colorado." (Mot. at 9:20-21.) The full story is that

2   defendant admittedly had a residence in California, where he spent 40% of his time

3   from July 2019 to March 2021 *and* conducted business from his in-laws' home.

4   Moreover, defendant has not denied what is readily obvious given the registration

5   I.P. address:  defendant was physically present in California when he registered the

6   offending websites. Stated differently, this is not a stream of commerce case where

7   defendant's products happened to end up in California. He chose to live in

8   California, for a long time, next to his relatives. That is purposeful interjection.

9       <u>The Burden On The Defendant</u> – Defendant is correct that, *at this point*, there

10  is *some* burden to having to defend the case in California. Whatever persuasiveness

11  this argument may have held in the abstract, it is entirely undermined by the fact that

12  defendant is asking the Court to transfer venue to Arizona. For a current resident of

13  Colorado, Arizona is no more or less burdensome than California. Moreover, if the

14  Court were to dismiss this action, it would certainly not be refiled in Arizona or

15  Colorado. It would be refiled in plaintiffs' backyard, New York, which defendant

16  tacitly admits is a proper forum. (Mot. at 8:1-19.) New York would also be far less

17  convenient for defendant than California, where defendant can visit his in-laws and

18  stay at their home should his presence in the state be required.

19      <u>Extent Of Conflict With Sovereignty Of The Defendant's State</u> – Defendant

20  fails to articulate any conflict between California law and the law of defendant's

21  current state, Colorado.

22      <u>The Forum State's Interest In Adjudicating The Suit</u> – Defendant claims that

23  California has no interest in the application of California's Cyber Privacy law to

24  him. Nonsense. Business and Professions Code § 17528 states "Jurisdiction for

25  actions brought pursuant to this article shall be in accordance with Section 410.10 of

26  the Code of Civil Procedure." Section 410.10 states "A court of this state may

27  exercise jurisdiction on any basis not inconsistent with the Constitution of this state

28  or of the United States." Clearly, California has an interest in applying its Cyber

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4823-0027-2636.3                                12                    Case No. 8:21-cv-01388 CJC (KESx)
OPPOSITION TO MOTION TO DISMISS FOR LACK OF JURISDICTION/ MOTION TO TRANSFER

Privacy Law to any individual, whether residing in California or not, that is subject to the jurisdiction of the state. And, as is discussed above, defendant was physically present in California (and certainly resided in the state at least 40% of the time) when he registered the offending websites. This law was specifically intended by the California legislature to apply to vexatious domain registrants like defendant.

The Most Efficient Judicial Resolution Of The Dispute – In terms of efficiency, the only argument defendant makes is that none of the parties live in California. So what? None of the parties live in Arizona either. At the end of the day, this case is primarily brought under California law and a court sitting in California is best suited to efficiently handle this dispute. *Cf Unlimited Prepaid v. Airvoice Wireless Ex., LLC*, 2017 U.S. Dist. LEXIS 222334, *38-39 (C.D. Cal. May 10, 2017) ("California is the state most familiar with the governing franchise law.").

The Convenience And Effectiveness Of Relief For The Plaintiff – The sole argument defendant makes on convenience is that convenience must not matter to plaintiffs because plaintiffs reside in New York and yet filed this action "on the other side of the country rather than in their home forum or another forum that would be reasonable for both parties." (Mot. at 9:28-10:2.) But convenience does matter and, here, the most convenient and effective relief comes from litigating California law in a California forum, rather than in Arizona or Colorado, which are just as inconvenient for New York-based plaintiffs but far less effective. Moreover, as opposed to Arizona and Colorado, at least some third party witnesses ostensibly still live in California. Specifically, to the extent defendant continues to feign ignorance over whether he was in California or Arizona on December 20, 2020, defendant's Orange County-based in-laws would be called to testify at trial.

The Existence Of An Alternative Forum – Although defendant contends that the District of Arizona is an appropriate alternative forum, given defendant's Whac-A-Mole approach to this motion, defendant could have easily claimed that the District of Arizona lacked jurisdiction because he lived in Orange County, which is

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4823-0027-2636.3                          13                          Case No. 8:21-cv-01388 CJC (KESx)
OPPOSITION TO MOTION TO DISMISS FOR LACK OF JURISDICTION/ MOTION TO TRANSFER

also where he registered the offending websites.  And, frankly, that would have been the truth as the LexisNexis report confirms that defendant left Arizona in July of 2019.  The only reason that Defendant wants to be in Arizona now is because he is a serial offender when it comes to bad faith website registration and was already sued in Arizona by others.  This is nothing more than an attempt at forum shopping because he prefers the Arizona forum for reasons that are not yet apparent.

*     *     *

In short, the Court is obligated to accept the uncontroverted allegations in the Complaint as true with regards to defendant's physical presence in California when he registered the offending websites.  Specific jurisdiction exists as a result, and defendant has not made even close to a compelling case, as he must, that the exercise of jurisdiction would be unreasonable.

## IV.   THE COURT SHOULD DECLINE TO TRANSFER VENUE

### A.   This Case Could *Not* Have Been Filed In Arizona

As alleged in the Complaint, and as supported by the evidence and reasonable inferences drawn therefrom, defendant resided in California from July 2019 to March 2021 (when he moved to Colorado) and registered the offending websites on December 20, 2020 while physically present in the State of California.  Under this factual scenario, this case could *not* have been filed in the District of Arizona because neither general nor specific jurisdiction existed.  Thus, there is no basis whatsoever to transfer this action to Arizona.  28 U.S.C. § 1404(a).

### B.   Fairness Factors Do Not Weigh In Favor Of A Transfer

Though defendant's motion identifies eight factors that are considered by Courts in the Ninth Circuit to address whether to transfer a case, the motion ignores most of them.  (Mot. at 11:20-13:19.)  A cursory examination of those factors makes clear that the Court should decline to transfer this matter to Arizona.

The Location Where The Relevant Agreements Were Negotiated And Executed – Though this case is not about any breach of contract, the closest relevant

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4823-0027-2636.3                14                Case No. 8:21-cv-01388 CJC (KESx)
OPPOSITION TO MOTION TO DISMISS FOR LACK OF JURISDICTION/ MOTION TO TRANSFER

1   transaction is defendant's registration of the offending websites.  As discussed

2   above, this misconduct took place in Orange County, California.

3       The State That Is Most Familiar With The Governing Law – This one is

4   pretty obvious.  California courts are best suited to review and rule upon violations

5   of California law.

6       The Plaintiffs' Choice Of Forum – This one is again pretty obvious.  Plaintiffs

7   did not cherry pick a convenient forum close to home and far from defendant, like,

8   say, New York.  Rather, plaintiffs made the effort to bring this lawsuit across the

9   country in California because defendant violated California law while in California.

10  The idea that California was selected due to forum shopping and that plaintiffs'

11  choice of forum should be disregarded is utter nonsense given the facts in this case.

12      The Respective Parties' Contacts With The Forum – Plaintiffs do not pretend

13  that they are California residents; they are not.  But defendant, at the time of the

14  misconduct alleged in the Complaint, most certainly was.  Based on his relatively

15  short declaration, which does not provide a complete picture, we know that:

16      • Defendant rented a home in California (Kelly Dec. ¶ 5);

17      • Defendant spent at least 40% of his time in California from July 2019
18        to March 2021 (id. ¶¶ 2, 6);

19      • Defendant's in-laws lived in Orange County, California (id. ¶ 8);

20      • Defendant conducted business at his in-law's California address (id.);

21      • Defendant linked his credit card to his in-law's address (id. ¶ 9); and

22      • Defendant receives business mail at his in-law's address (id ¶ 8).

23  Based on the LexisNexis report, it appears that California was in fact defendant's

24  only domicile from July 2019 to March 2021.

25      The Differences In The Costs Of Litigation In The Two Forums – Defendant

26  contends that litigation is Arizona is less costly than California because the cost of

27  living (e.g., hotels and rental cars) is cheaper in Arizona.  (Mot. at 13:14-16.)  Of

28  course, should the matter remain in California, defendant could always borrow his

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4823-0027-2636.3                    15                    Case No. 8:21-cv-01388 CJC (KESx)
OPPOSITION TO MOTION TO DISMISS FOR LACK OF JURISDICTION/ MOTION TO TRANSFER

1  in-laws' car and stay at their home, which would make California much more cost

2  effective for defendant.  As for plaintiffs, they have already retained California local

3  counsel that have spent time and effort getting up to speed on this matter, and

4  plaintiffs' New York counsel have already spent $1,000 in fees to apply for

5  admission *pro hac vice*.  Transferring venue to Arizona would require the hiring and

6  educating of new local counsel and additional *pro hac vice* fees.

7         Defendant also argues that there is a related pending lawsuit in Arizona that

8  could be consolidated with this lawsuit, thereby minimizing discovery and costs.

9  But the two cases are anything but related.  Apart from the fact that defendant is a

10  serial offender when it comes to bad faith website registration, the plaintiffs are

11  different and the causes of action are different.  Specifically, whereas this case

12  brings relatively straightforward claims under California (and New York law) based

13  upon the wrongful registration of websites in plaintiffs' names, the case pending in

14  the District of Arizona asserts more complicated claims for defamation and false

15  light.  (Ex. 2 to Brucker Dec.)

16         <u>The Availability Of A Compulsory Process To Compel Attendance Of</u>

17  <u>Unwilling Non-Party Witnesses</u> – In terms of liability, the biggest question of fact

18  that needs to be addressed is whether it was defendant that, in fact, registered the

19  websites.  Though defendant's declaration seemingly concedes this point, the

20  websites were registered using the home address of defendant's in-laws.  They

21  would presumably be "unwilling" to travel to Arizona to testify against defendant

22  and there is no available means of compelling their travel to Arizona.  With regards

23  to damages, the majority of such witnesses would be in the New York area as

24  defendant concedes.  Just as it is true that Arizona has a lower cost of living than

25  California, it is also true that California is a far more attractive tourist destination

26  than Arizona.  As between the two, one can reasonably expect that third party

27  witnesses would be far more willing to voluntarily visit the Golden State and tour

28  Disneyland, which is just 15 minutes away from the District Court.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4823-0027-2636.3                                16                    Case No. 8:21-cv-01388 CJC (KESx)

OPPOSITION TO MOTION TO DISMISS FOR LACK OF JURISDICTION/ MOTION TO TRANSFER

<u>The Ease Of Access To Sources Of Proof</u> – Defendant argues that the "relevant proof is more likely to be found in Arizona, where Benchmark General, LLC's offices are located, than in California." (Mot. at 13:16-17.)  How so?  The motion does not say and plaintiffs cannot even begin to speculate what this sentence means.  After all, although Benchmark is owned by defendant, it is not a party to this lawsuit, it is not a party to the pending Arizona lawsuit, and the websites were registered by defendant, not Benchmark.  In contrast, defendant admits that he used a credit card with an address linked to his in-laws' home in Orange County, to purchase the offending websites.  Naturally, the credit card statements and invoices from the domain registration company will have been mailed to Orange County. The same is true for the Cox Communications invoices that are tied to the Aliso Viejo I.P. address that defendant used to register the websites.

*     *     *

In short, transfer of venue to the District of Arizona is not permissible because this action could not have been filed there in the first place.  Even if it could have been filed in Arizona, fairness dictates that the matter be heard in California.

## V.    PLAINTIFFS ARE ENTITLED TO JURISDICTIONAL DISCOVERY IF NECESSARY

"[D]iscovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (quotation marks omitted).  "In order to obtain discovery on jurisdictional facts, the plaintiff must at least make a 'colorable' showing that the Court can exercise personal jurisdiction over the defendant." *Mitan v. Feeney*, 497 F. Supp. 2d 1113, 1118-19 (C.D. Cal. 2007).  "This 'colorable' showing should be understood as something less than a prima facie showing, and could be equated as requiring the plaintiff to come forward with 'some evidence' tending to establish personal jurisdiction over the defendant." *Id*.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4823-0027-2636.3                                    17          Case No. 8:21-cv-01388 CJC (KESx)
OPPOSITION TO MOTION TO DISMISS FOR LACK OF JURISDICTION/ MOTION TO TRANSFER

For the reasons discussed above, there is far more than just "some evidence" that personal jurisdiction exists over the defendant.  Indeed, plaintiffs respectfully submit that they have made a *prima facie* showing of both general and specific jurisdiction and that the Court should therefore deny defendant's motion in its entirety.  To the extent the Court does not agree, the Court should continue the hearing on this matter for at least sixty days to allow for limited jurisdictional discovery and supplemental briefing.  Specifically, jurisdictional discovery should be allowed as follows:  (1) up to 15 Interrogatories; (2) up to 15 Requests for Production; (3) up to 15 Requests for Admission; (4) up to a 2 hour virtual deposition of defendant; and (5) up to 5 Rule 45 Records-Only Subpoenas.

With this discovery, plaintiffs will seek at least the following types of information and documentation from defendant:

- Travel records (e.g., airline tickets) showing all travel between California and Arizona.
- 2020 State and Federal Tax Returns, redacted as necessary, except for address information.
- Cellular phone location information data showing whereabouts on December 20, 2020.
- Cellular phone number, account number, and provider information.
- Social media account information.
- The account number for defendant's internet service providers (e.g., Cox Communications), along with all monthly invoices.
- Identification (by make, model, and operating system), location, and MAC addresses of the device used to register the offending websites.
- Smartwatch GPS location data.
- Credit Card statements showing where defendant made purchases (e.g., restaurants, gas stations, grocery stores).
- Bank statements showing defendant's debit card purchases, cancelled checks, and ATM visits.
- Metadata from all photographs taken by defendant containing location data.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4823-0027-2636.3                                                    18                    Case No. 8:21-cv-01388 CJC (KESx)
OPPOSITION TO MOTION TO DISMISS FOR LACK OF JURISDICTION/ MOTION TO TRANSFER

- The address and contact information for his landlords in California and Arizona.
- The lease agreements for his addresses in California and Arizona.
- The security deposit refund check/wire from the Arizona addresses.
- The utility bills for his addresses in California and Arizona.

Depending on what defendant produces, plaintiffs may then seek the following documentation from third parties:

- Cellular Providers (e.g., location data).
- Social Media Providers (e.g., location data).
- Internet Service Provider (e.g., I.P. address information).
- Bank, credit card companies, and utilities (e.g., statements).
- Landlords (e.g., leases, correspondence, etc.)

Of course, none of this would be necessary if defendant were to simply review his own records and confirm what is already obvious based on the facts known to date: i.e., that defendant was physically present in California when he purchased the offending websites and this motion is a waste of everyone's time.

## VI. CONCLUSION

This is not the first lawsuit between the parties. It is not even the second. This third lawsuit between the parties was filed in retaliation for: (1) plaintiffs' successful dismissal of a frivolous lawsuit filed by defendant in Delaware; and (2) plaintiffs' ongoing fraud and malfeasance lawsuit against defendant, also in Delaware. Given this history, it is no wonder that the motion is premised on the flimsiest of grounds (i.e., that defendant simply cannot remember where he was, and could therefore have been anywhere). No doubt, had this case been filed in Arizona or New York, the courts there would also have been faced with a similar motion to dismiss because the defendant's Whac-A-Mole strategy—if allowed to work— works everywhere because he could have been anywhere.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    At its core, this case was filed in California because defendant violated
2  California law while residing in California.  Nothing in the motion to dismiss/
3  motion to transfer venue changes this uncontroverted allegation, which the Court
4  must accept as true.  The Court should deny the motion, in its entirety, because the
5  Court is the proper court to adjudicate this matter.  To the extent the Court does not
6  agree, the Court should continue the hearing on this matter for at least sixty days to
7  allow for limited jurisdictional discovery and supplemental briefing.  Specifically,
8  jurisdictional discovery should be allowed as follows:  (1) up to 15 Interrogatories;
9  (2) up to 15 Requests for Production; (3) up to 15 Requests for Admission; (4) up to
10  a 2 hour virtual deposition of defendant; and (5) up to 5 Rule 45 Records-Only
11  Subpoenas.  Thank you in advance for your consideration of these arguments.
12  DATED:  October 11, 2021              Respectfully submitted,

13                                                   LEWIS BRISBOIS BISGAARD & SMITH LLP
14
15
16                                          By:      _/s/ Gary K. Brucker, Jr._
17                                                   GARY K. BRUCKER, JR.
                                                     Attorneys for Plaintiffs Jeffrey Supinsky
18                                                   and Valley East Building Management
19
20
21
22
23
24
25
26
27
28

OPPOSITION TO MOTION TO DISMISS FOR LACK OF JURISDICTION/ MOTION TO TRANSFER

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW