NOTE: CHANGES MADE BY THE COURT

Eric B. Hull (#291167)
KERCSMAR FELTUS & COLLINS PLLC
8200 Wilshire Boulevard, Suite 222
Beverly Hills, California 90211
Telephone: (310) 928-7885
Facsimile: (480) 421-1002
ebh@kfcfirm.com
Sarah M. Humble (*pro hac vice*)
KERCSMAR FELTUS & COLLINS PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
Telephone: 480-421-1001
Facsimile: (480) 421-1002
smh@kfcfirm.com
Attorneys for Defendant Kevin Kelly

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| JEFFREY SUPINSKY, an Individual, and VALLEY EAST BUILDING MANAGEMENT, a New York Limited Liability Company,<br><br>            Plaintiffs,<br><br>vs.<br><br>KEVIN RICHARD KELLY, an Individual; and DOES 1 through 10, inclusive,<br><br>            Defendant. | Case No. 8:21-cv-01388-CJC-KES<br><br>**PROTECTIVE ORDER RE CONFIDENTIALITY**<br><br>Judge: Hon. Cormac J. Carney<br><br>Action Filed: August 23, 2021<br>Trial Date: March 7, 2023 |

4889-8659-4876.1   [~~PROPOSED~~] PROTECTIVE ORDER

Pursuant to the stipulation of the parties, and good cause appearing therefor,

IT IS HEREBY ORDERED AS FOLLOWS:

1. In connection with discovery proceedings in this action, the parties hereby designate documents and testimony as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under the terms of this Protective Order. The documents and testimony protected under this Order have not been made public and the disclosure of said documents or testimony would have the effect of causing harm.

2. The documents eligible for protection under this order specifically include:

    a. Contracts and evidence of actual and prospective dealings with third parties, which if disclosed to competitors (including the opposing party), customers, or vendors, would cause the parties competitive and business harms and would violate the third parties' right to privacy;

    b. Financial information of the parties, which if disclosed to competitors (including the opposing party), customers, or vendors, would cause the parties competitive and business harms and is subject to a right of privacy;

    c. Trade secret and proprietary information including prospective development activities, which if disclosed to competitors (including the opposing party), customers, or vendors, would cause the parties competitive and business harms;

    d. Information derived from and/or related to criminal grand jury testimony and/or criminal investigations that a party or non-party reasonably asserts could create a risk of endangering individuals if made public.

3. Pursuant to this Order, any person or entity, whether or not a party to this action, may designate as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" any material that any person or entity produces in this action. All such

designated material, all copies, excerpts and summaries thereof, and all information contained therein or derived therefrom shall hereinafter be referred to as "Confidential Material." All designations of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be made in good faith.

4. The receipt of documents or information designated as Confidential Material is not a concession, admission, or representation by the receiving party that such material, or any information contained therein, is in fact confidential information under applicable law. Furthermore, the designation of Confidential Material may not be used against any party in any proceeding and is made solely for the purposes of maintaining the confidentiality of such material, to the extent necessary for purposes of this litigation. A party shall not be deemed to have waived any privilege provided by law (including but not limited to a trade-secret privilege) by entering into this Order or marking information as Confidential Material under this Order.

5. Any designation of Confidential Material pursuant to this Order shall be accomplished by employing the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as follows:

    a. in the case of documents, the legend shall be placed on or attached to each page of the document prior to its production in a manner not to interfere with the legibility of any information thereon (or in the case of materials produced in this matter before the effective date of this Order, within five (5) business days of the Court's entry of this Order);

    b. in the case of electronically stored information, the legend shall be placed on each page of the document in a manner not to interfere with the legibility of any information thereon, provided, however, that documents produced in native format may be appropriately designated in the data upon production;

  c. in the case of things, the legend shall be placed on or attached to the things;

  d. in the case of information incorporated in answers to interrogatories, the legend shall be placed on the designated pages of the interrogatory answers; and

  e. in the case of depositions, designations of the portions of the deposition transcript (including exhibits) shall be made as follows:

    i. by a statement to such effect on the record during the deposition;

    ii. for depositions that are not taken on an expedited basis and/or in advance of a preliminary injunction hearing, by the designating party in writing within twenty-one (21) calendar days of the receipt of the deposition transcript by notifying all parties to the matter in writing (including specific page and line numbers to be designated); or

    iii. for depositions taken by the parties on an expedited basis in advance of a preliminary injunction hearing, by the designating party in writing within three (3) calendar days of the receipt of the deposition transcript by notifying all parties to the matter in writing (including specific page and line numbers to be designated).

As to any portions of the deposition transcript and exhibits designated as prescribed in subsections (d)(ii) or (iii), the designating party shall list on a separate piece of paper the specific page and line number of the transcript containing Confidential Material and whether such portions are designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and shall furnish a copy of the list to the non-designating party.

The parties shall direct the reporter attending each deposition to place the following legend in bold type on the covers of all deposition transcripts: NOTICE: This deposition is subject to a Stipulated Protective Order and may contain CONFIDENTIAL or ATTORNEYS' EYES ONLY testimony and/or exhibits.

Whenever Confidential Material (whether designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY") is to be discussed or disclosed in a deposition, the designating party for such Confidential Material shall have the right to require the exclusion from the room of any person who is not entitled to access to such Confidential Material. Any party's introduction or other use of Confidential Material in a deposition shall not be deemed to waive the continued designation and treatment of such Confidential Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

6.  All properly designated portions of deposition transcripts (including exhibits) shall be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," and access to any portion thereof shall be limited to those persons set forth in section 8 below until the expiration of the period for "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designations to be made as prescribed in sections 5(d)(ii) or (iii). Except as otherwise provided in this Order, all Confidential Material and all copies, excerpts and summaries thereof and all material containing information derived therefrom, shall be used solely for purposes of this litigation and shall not be used for any other purposes including, without limitation, any business, commercial or competitive purpose. All documents or materials marked under this Order shall be carefully maintained in secure facilities and access to such information, document, thing, or material shall be permitted only to persons properly having access thereto under the terms of this Order. The file rooms and electronic databases secured by appropriate passwords used by counsel in the ordinary course of business are considered to be "secure facilities" under this provision.

7. Confidential Material designated as "CONFIDENTIAL" may be disclosed, summarized, described, revealed or otherwise made available, in whole or in part, only in accordance with the terms of this Order and only to the following persons:

    a. representatives of the parties directly involved in the prosecution or defense of this action, including managers, directors, officers, and employees of the parties, but solely for the purpose of assisting counsel in the conduct of this litigation;

    b. counsel for the parties in this action, whether outside or in-house, and regular and temporary employees of such counsel to the extent necessary to assist counsel in the conduct of this litigation;

    c. any consultant or expert (including both testifying experts and consulting experts) retained or consulted by any party for the purpose of testifying or rendering assistance or providing opinions in this action including, but not limited to, independent experts and consultants, but only to the extent necessary to assist counsel in the conduct of this litigation;

    d. any former employee of a party or any other person who is participating in the litigation as a deponent, witness or potential witness, where it appears on the face of the Confidential Material or from other documents or testimony that the witness had lawfully generated or received the Confidential Material prior to and apart from this litigation;

    e. the Court and its employees;

    f. any mediator engaged in this matter;

    g. court reporters and videographers; and

    h. vendors involved in copying, organizing, converting, storing, or retrieving Confidential Material.

8. Confidential Material designated as "ATTORNEYS' EYES ONLY" shall be limited to the parties' information that they allege to be trade secret, confidential, or business information, or information that a party or non-party reasonably asserts could create a risk of endangering individuals if made public, or other information protected by a legal privilege (but all parties reserve the right to seek production of this information as merely confidential or public in this lawsuit). Confidential Material designated as "ATTORNEYS' EYES ONLY" may be disclosed, summarized, described, revealed or otherwise made available, in whole or in part, only in accordance with the terms of this Order and only to individuals described in sections 7(b) through (h).

9. The parties shall in good faith avoid filing Confidential Material with the Court to the extent possible. However, if a party reasonably determines that it is necessary to file or seek admission of Confidential Material with the Court, or is required to file or seek admission of any Confidential Material in any pleading, chart, brief, affidavit, motion, exhibit, transcript or other document containing such Confidential Material, the party shall do so in compliance with the Court's rules for filing documents under seal. Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal. This Order does not authorize the filing of any document under seal.

10. This Order has no effect upon, and shall not apply to (i) any producing party's use of its own Confidential Material for any purpose or (ii) any person's use of documents or other information properly obtained or developed independently of discovery in this action.

11. A non-party witness (including retained or consulted with experts) shall not be given access to Confidential Material unless and until such person agrees in writing, in the form attached hereto as Exhibit "A," that he/she is aware of the existence of contents of this Order and that he/she agrees to be bound by its

terms. Counsel for the party giving such person access to the Confidential Material shall be responsible for securing such a writing and shall be the custodian of the writing.

12. If the non-designating party objects to the designation of a document or information as Confidential Material, the non-designating party shall serve a written objection on the designating party. The designating party may apply to the Court for protection within fourteen (14) calendar days of receiving such objection. The burden rests upon the designating party to demonstrate that the designation is proper. Until the Court enters an order changing the document's designation, however, the document shall be treated as Confidential Material as provided in this Order. None of the parties to this action is obliged to challenge the designation of any Confidential Material at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge and shall not constitute a concession, admission, or representation that such material, or any information contained therein, is in fact confidential information under applicable law.

13. Inadvertent failure to designate any material that a producing party claims should be Confidential Material will not be deemed as a waiver of the right to make that designation. The party to whom such inadvertent disclosure is made shall, upon written request by the producing party, thereafter treat such material as Confidential Material in accordance with this Order. Upon receipt of such written notice, the party who received the previously undesignated Confidential Material shall make reasonable efforts to prevent further use or disclosure of the information contained in the previously undesignated Confidential Material by persons other than those authorized in accordance with sections 7 and 8 hereof for access to such information.

14. In the event of inadvertent disclosure of any Confidential Material to a person not authorized for access to such material in accordance with section 7 or 8 of this Order, the party responsible for having made, and any party with knowledge of, such disclosure shall immediately inform counsel for the party whose Confidential Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The responsible party also shall promptly take all reasonable measures to: (i) ensure that no further or greater unauthorized disclosure or use of such information or materials is made; and (ii) retrieve the material from the person or persons not authorized to receive such material and inform that person of this Order. Each party shall cooperate in good faith in that effort. Nothing shall prevent disclosure beyond the terms of this Order if the party designating the Confidential Material expressly consents to such disclosure in a particular instance, either in writing or on the record of any proceeding in this action, or if the Court, following notice to all parties, orders such disclosure.

15. Nothing in this Order shall prohibit counsel for a party from disclosing Confidential Material to any person who was an author, addressee, or carbon copy recipient of such document. Regardless of any designation under this Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement, and such discussion shall not constitute disclosure in violation of this Protective Order.

16. On good cause shown, the Court may amend or modify any of the tenets of this Order so as to further the ends of justice or to resolve any problems which may arise stemming from or relating to this Order. The parties by stipulation **approved by the Court** may provide for exceptions to this Order. The existence of

this Order shall not be used as a basis to compel the disclosure of information. Nor shall the existence of this Order be used as a basis to prevent another party from seeking greater protection than the protection provided by this Order.

17. The provisions of this Order shall continue to be binding throughout and after the conclusion of this action and shall not terminate at the conclusion of this action.

18. Within thirty (30) calendar days after receiving notice of the final disposition of this action, all parties and persons bound by this Order **(which does not include the Court and its employees)** shall either (a) return all Confidential Material designated as "ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," including all copies thereof and information stored in computers and on computer disks and tapes, computer extracts, computer entries, notes, memoranda, and other papers containing information therefrom, upon written request by the producing party; or (b) certify that all Confidential Material designated as "ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" in their possession has been destroyed. However, outside counsel for the parties shall be entitled to retain their respective litigation files, including all court papers, deposition transcripts, trial transcripts, exhibits used in affidavits, exhibits used at depositions, exhibits used at trial, and all attorney work product containing, quoting, discussing or analyzing Confidential Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", provided that such counsel, and the employees of such counsel, shall not disclose such transcripts, exhibits or attorney work product to any person except as provided in this Order. The Confidential Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" kept by counsel pursuant to this section shall be maintained in accordance with the terms of this Order. "Final disposition of this action," as used above, means after all appeal periods have expired or after the execution of a settlement agreement among the parties and the filing of pleadings necessary to finally dispose of all claims in this action.

19. ~~With regard to Confidential Material filed with the Court pursuant to the terms of this Order, such material shall be disposed of in conformance with the Court rules.~~

20. Should any person who received Confidential Material subject to this Protective Order receive any request for such information, whether through formal compulsory process or lawful authority of this Court or any other Court or duly empowered authority or tribunal, prior to responding thereto, such person shall promptly serve written notice of the receipt of such request on counsel for all parties hereto in order to allow such parties to move an appropriate court, authority, or tribunal for a ruling regarding the necessity of compliance therewith. Absent a ruling from the appropriate court, authority, or tribunal on said motion, the person or party receiving the request shall not disclose Confidential Material in response thereto and shall thereafter do so only insofar as the court, authority, or tribunal may direct.

21. The provisions of this Order shall be deemed binding on the parties upon their execution of the stipulation for this Order's entry to facilitate the exchange of Confidential Material before this Order has been signed and entered.

22. Any party may apply to the Court for additional protection in respect of Confidential Material beyond that provided for herein. Entry of this Protective Order is without prejudice to the right of the parties to apply for future modifications of this Protective Order.

DATED this 1st day of November, 2022.

_____
Honorable Karen E. Scott
United States Magistrate Judge